IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEJA GREEN**                                                                                     **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO.** 3:24-cv-233-SA-JMV

**UNIVERSITY OF MISSISSIPPI**                                            **DEFENDANT**

## COMPLAINT

The Assistant Vice Chancellor said that she preferred a white male for the job. She assumed that black women like the Plaintiff would have difficulty dealing with white male clients. For this reason, she fired the Plaintiff. For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

### PARTIES

1. Plaintiff, Deja Green, is an adult resident of Mississippi.

2. Plaintiff is a black woman.

3. Defendant, the University of Mississippi, is a public research university located in the State of Mississippi.

4. Defendant has more than fifteen employees.

5. On information and belief, Defendant has more than 100 employees.

6. On information and belief, Defendant has more than 200 employees.

7. On information and belief, Defendant has more than 500 employees.

8. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended.

9. Plaintiff worked for Defendant.

1

10. Plaintiff was an "employee" of Defendant as defined by Title VII.

11. During Plaintiff's time working for Defendant, Plaintiff was protected by Title VII.

## JURISDICTION, VENUE, EXHAUSTION, AND JURY DEMAND

12. Jurisdiction is proper in this honorable Court under 28 U.S.C. § 1331 because this claim arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended.

13. Venue is proper in this honorable Court under 28 U.S.C. § 1391 because all work at issue was located in and around Lafayette County, Mississippi.

14. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on December 18, 2023.

15. This charge was filed within one hundred eighty (180) days of the events alleged in that charge.

16. The charge alleged race discrimination.

17. Plaintiff amended her charge of discrimination with the EEOC on April 5, 2024.

18. This amendment was filed within one hundred eighty (180) days of the events alleged in that charge.

19. This amendment also relates back to the original charge under EEOC regulations.

20. The amended charge alleged race and sex discrimination.

21. The EEOC issued a notice of right to sue to Plaintiff on July 1, 2024.

22. Plaintiff brings this action within ninety (90) days of her receipt of that right-to-sue notice.

23. Plaintiff has met the timeliness and administrative exhaustion requirements of Title VII.

24. Plaintiff demands a trial by jury on all issues so triable.

FACTS

25. Wherever necessary, the facts and claims should be understood as pled in the alternative.

26. Plaintiff began working for Defendant at the William Magee Center for Alcohol and Other Drugs ("Magee Center") on May 9, 2023.

27. Plaintiff was hired as an intervention specialist.

28. During her employment Plaintiff was the only black woman on staff.

29. Dr. Natasha Jeter, the Assistant Vice Chancellor for Wellness and Student Success, was Plaintiff's supervisor.

30. Dr. Jeter is also a black woman.

31. The majority of the clientele of the Magee Center consisted of men who were white.

32. Dr. Jeter told Plaintiff she preferred to hire a white man for the position - someone who she assumed would be better at working with white males, because most of the people she would be working with were white men.

33. Dr. Jeter decided to hire Plaintiff despite her preference.

34. On information and belief, Dr. Jeter went on leave beginning in June 2023 and ending in September 2023.

35. During a meeting with Plaintiff after Dr. Jeter returned, Jeter reminded Plaintiff she preferred to hire a white male for the position.

36. Plaintiff had a Probational Review Meeting on October 16, 2023, attended by Dr. Jeter, Dr. McAfee and Haney.

37. At that meeting Plaintiff was terminated.

38. Plaintiff was not told the reason she was terminated.

3

39. The Probationary Review for Ms. Green states, "Separation of employment in probationary period due to unsatisfactory work performance."

40. During her employment, Plaintiff was not written up nor did she receive any poor performance reviews or other indications of poor performance or misconduct.

41. On information and belief she was replaced by a white person.

42. On information and belief, she was replaced by a man.

43. After her termination, Plaintiff filed a Complaint with the University of Mississippi Equal Opportunity & Regulatory Compliance ("EORC") office alleging she was terminated because of her race.

44. The EORC interviewed Dr. Jeter who misstated her prior conversations with Ms. Green, saying "I want someone that can do the job, specifically someone that can navigate working with white males."

45. Dr. Jeter further contradicted the stated reason in the Probationary Review paperwork.

46. She explicitly denied it was poor performance, saying to the EORC that "Ms. Green was not terminated because of her performance - she was terminated because she pinched a student."

47. This reason was also false and pretextual.

48. The true reason was race and/or sex.

## CAUSES OF ACTION

COUNT I: RACIAL DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

49. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

50. Under the Civil Rights Acts of 1964, as amended, it is unlawful to discriminate against an employee based on that employee's race.

51. Here, Defendant discriminated against Plaintiff based on her race when she was fired.

52. With this discrimination, Defendant violated the law.

53. In doing so, Defendant harmed Plaintiff.

COUNT II: SEX DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT

54. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

55. Under the Civil Rights Acts of 1964, as amended, it is unlawful to discriminate against an employee based on that employee's sex.

56. Here, Defendant discriminated against Plaintiff based on her sex when she was fired.

57. With this discrimination, Defendant violated the law.

58. In doing so, Defendant harmed Plaintiff.

REMEDIES

59. Plaintiff seeks all remedies available, including but not limited to the following:

   a. Back pay;

   b. Reinstatement and/or front pay, as appropriate;

   c. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from Defendant's unlawful actions;

   d. Consequential damages and any other pecuniary harms flowing from Defendant's unlawful actions;

   e. Punitive damages commensurate with the misconduct and necessary to deter future violations of the law;

   f. Nominal damages if no other damages are available for any reason;

   g. Pre- and post-judgment interest;

   h. Attorney fees;

i. Costs;

j. An injunction curing Defendant's unlawful actions and prohibiting any future similar actions;

k. Notice given to all employees regarding the violations found by this Court, and notifying such employees of the order entered proscribing any future similar violations;

l. Any other equitable relief as this honorable Court deems appropriate.

m. A final judgment declaring that Defendant's treatment of Plaintiff was unlawful; and/or,

n. Any other relief available under any applicable principle of law or equity.

Dated: August 7, 2023.

                                              Respectfully submitted,

                                              DEJA GREEN

By: */s/ Joel F. Dillard*
    Joel F. Dillard (MSB No. 104202)
    Joel F. Dillard, P.A.
    775 North Congress Street
    Jackson, Mississippi 39202
    (601) 509-1372 x2
    joel.f.dillard@gmail.com